# EXHIBIT A


Napleton Automotive Group

# NON-SOLICITATION AGREEMENT AND AGREEMENT TO ARBITRATE EMPLOYMENT CLAIMS

**THIS NON-SOLICITATION AGREEMENT AND AGREEMENT TO ARBITRATE EMPLOYMENT CLAIMS** ("Agreement") made between ED NAPLETON DEALERSHIP GROUP, defined herein as any business owned and/or operated by and/or affiliated directly or indirectly with North American Automotive Services, Inc. including, but not limited to, any and all affiliated operating entities running the day to day operations of any dealerships which are part of and/or which may become part of the Ed Napleton Dealership Group ("Employer" or the "Company") and _Andre Jennings_ ("Employee") (collectively, the "Parties").

**WHEREAS**, in the event that an employment dispute should arise, the Parties wish to avoid protracted litigation; and

**NOW, THEREFORE**, for good and valuable consideration including, but not limited to, new and continued employment and/or access to confidential and proprietary customer information through the use of Company's licensed software including, but not limited to, Customer Relations Management ("CRM"), Dealer Management Systems ("DMS") and CDK systems, specialized training and education along with all salary, bonuses, salary increases, benefits and other privileges attaching thereto, which would not be provided without Employee's execution of this Agreement, the sufficiency of which is hereby acknowledged, Employee states as follows:

## ARBITRATION

I AND THE COMPANY AGREE to utilize binding individual arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to my employment with the Company, its affiliates, parents, subsidiaries, divisions and/or related companies. I and the Company each specifically waive and relinquish our respective rights to bring a claim against the other in a court of law and to have a trial by jury. Both I and the Company agree that any claim, dispute, and/or controversy that I may have against the Company (or its affiliates, parents, subsidiaries, divisions, related companies, owners, directors, officers, managers, employees, or agents), or the Company may have against me, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"). I acknowledge and agree that the FAA applies to this Agreement because the business of the Company involves interstate commerce. Included within the scope of this Agreement are all disputes, whether based on tort, contract, statute (including, but not limited to, any claims of discrimination, harassment and/or retaliation, whether they be based on the Title VII of the Civil Rights Act of 1964, as amended, or any other state or federal law or regulation), equitable law, or otherwise. The only exceptions to binding arbitration shall be for claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability benefits under state workers' compensation laws, claims for unemployment insurance, or other claims that are not subject to arbitration under current federal law. I and the Company acknowledge that by signing or refusing to sign this Agreement, I make no representation or demonstration of support or rejection of concerted activity. However, nothing herein shall prevent me from filing and pursuing proceedings before the United States Equal Employment Opportunity Commission or similar state governmental agency that enforces state fair employment laws (although if I choose to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Agreement).

I agree that any claims brought under this binding arbitration Agreement shall be brought in the individual capacity of myself or the Company. This binding arbitration Agreement shall not be construed to allow or permit the consolidation or joinder of other claims or controversies involving any other employees or parties, or permit such claims or controversies to proceed as a class or collective action. No arbitrator shall have the authority under this agreement to order any such class or collective action. Any dispute regarding the scope or enforceability of this Agreement shall be

resolved by a court, not by the arbitrator. By signing this agreement, I am agreeing to waive any substantive or procedural rights that I may have to bring or participate in an action brought on a class or collective basis. This agreement is not intended to interfere with my rights to collectively bargain, to engage in protected, concerted activity, or to exercise other rights protected under the National Labor Relations Act.

In addition to any other requirements imposed by law, the following procedural requirements shall apply unless the Parties mutually agree otherwise. The arbitrator selected shall be a retired federal judge or judge of the state court of general jurisdiction, or an otherwise qualified individual to whom the parties mutually agree. The arbitrator shall follow and observe the Federal Rules of Civil Procedure and the Federal Rules of Evidence, and all rules of pleading (including the right to file a Motion to Dismiss), all rules of evidence, all rights to resolution of the dispute by means of motions for summary judgment, judgment on the pleadings, and directed judgment or non-suit shall apply and be observed. The arbitrator shall have the immunity of a judicial officer from civil liability when acting in the capacity of an arbitrator, which immunity supplements any other existing immunity. Likewise, all communications with the arbitrator during or in connection with the arbitration proceedings shall be considered privileged. As reasonably required to allow full use and benefit of this agreement, the arbitrator shall extend the times set for the giving of notices and setting of hearings. Awards shall include the arbitrator's written reasoned opinion. Resolution of all disputes shall be based solely upon the law governing the claims and defenses pleaded, and the arbitrator may not invoke any basis (including but not limited to, notions of "just cause") other than such controlling law.

## NON-SOLICITATION

I FURTHER AGREE that for a period of twelve (12) consecutive months following the termination of my employment for any reason, I will not, directly or indirectly, recruit, direct and/or attempt to recruit, solicit or direct any other employee or former employee to leave the employ of the Company or contact any employee or former employee of the Employer in any way whatsoever for purposes of the same. I acknowledge and understand that the provisions of this paragraph are of a special and unique nature, the violation of which cannot be accurately compensated for in damages by an action at law, and that the breach or threatened breach of the provisions of this Agreement would cause the Company irreparable harm. Nothing contained in this Agreement shall preclude the Company from exercising its rights to seek to obtain a court-ordered injunction restraining me from the breach or threatened breach of this Agreement upon the terms and conditions as the court ordering the injunction may impose. Injunctive relief shall be a non-exclusive remedy available in conjunction with any other relief available at law or equity.

This is the entire agreement between the Parties regarding dispute resolution, and this agreement supersedes any and all prior agreements regarding this issue. It is further agreed and understood that any agreement contrary to the foregoing must be entered into, in writing, by myself and an authorized representative of the Company. Oral representations made before or after employment do not alter this Agreement. If any term or provision, or portion of this Agreement is declared void or unenforceable it shall be severed and the remainder of this Agreement shall be enforceable.

**MY SIGNATURE BELOW ATTESTS TO THE FACT THAT I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. I FURTHER UNDERSTAND THAT THIS AGREEMENT REQUIRES ME TO ARBITRATE ANY AND ALL DISPUTES THAT ARISE OUT OF MY EMPLOYMENT AND TO ABIDE BY THE TERMS OF MY NON-SOLICITATION AGREEMENT AS ABOVE.**

EMPLOYEE

BY: _[signature]_
Name: Mark Denning
Date: 9-30-20

ED NAPLETON DEALERSHIP GROUP

BY: _[signature]_
Name: Bruce Etheridge
Title: Chief Operating Officer
Date: 09/21/2020